IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-23-0024-F |
| | ) | |
| THOMAS L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Thomas L. Brown, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 66.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 68.  The matter is at issue.

On June 6, 2023, defendant pleaded guilty to Count 1 of the Indictment, charging false statement during the attempted purchase of a firearm in violation of 18 U.S.C. § 922(a)(6).  The Probation Office prepared a final presentence investigation report, which calculated defendant's base offense level at 20.  It found that defendant possessed multiple semiautomatic firearms capable of accepting a large capacity magazine, such as a Daniel Defense 5.56 NATO caliber rifle and a Smith & Wesson M&P-15; as well as firearms described by 26 U.S.C. § 5845(a),

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

including an FMK AR-1 Extreme and a GSG-522PK firearm, while prohibited from doing so by virtue of being subject to a protective order and felony indictment pursuant to U.S.S.G.[2] § 2K2.1(a)(4)(B). Defendant received a six-level enhancement under U.S.S.G. § 2K2.1(b)(C) because the offense involved 42 firearms, resulting in an adjusted offense level of 26. Defendant received a three-level adjustment under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, resulting in a total offense level of 23.

Based on his criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 23 and a criminal history category of I, defendant's guideline imprisonment range was 46 to 57 months.

At sentencing, the court adopted the presentence investigation report without change. The court sentenced defendant to a term of imprisonment of 57 months on January 29, 2024. It is relevant to note here that the question of whether the defendant should receive a sentence at or below the top of the guideline range was a close issue. Many offenders who demonstrate the sheer brutality that this defendant demonstrated (especially in combination with his obvious instability) are incarcerated for a lot longer than 57 months. Judgment was entered on January 30, 2024; defendant did not file a direct appeal.

In his motion, defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points.

---

[2] United States Sentencing Guidelines.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions, the court concludes that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). While defendant has a criminal history score of zero, he does not qualify for an adjustment because he possessed a firearm in connection with the offense. *See*, U.S.S.G. § 4C1.1(a)(7) ("[T]he defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."). As stated, according to the final presentence investigation report, defendant possessed multiple semiautomatic firearms capable of accepting a large capacity magazine, while prohibited from doing so by virtue of being subject to a protective order and felony

indictment.  Because defendant is ineligible for a sentence reduction under Amendment 821, the court finds that defendant's motion should be dismissed.

Alternatively, even if defendant were eligible for a sentence reduction under Amendment 821 as asserted, the court concludes, quite readily, that defendant's motion should be denied because the § 3553(a) factors—most notably, the history and characteristics of the defendant,[3] to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct—do not favor his release.  To his credit, defendant has engaged in education courses provided by the Bureau of Prisons, has had no disciplinary incidents within the last six months, and has been designated at a low-risk recidivism level.  However, the court concludes that these factors do not warrant the requested sentence reduction.

Accordingly, defendant Thomas L. Brown's "Motion for a Reduction or Modification of Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(2); and Amendment 821" (doc. no. 66) is **DISMISSED**.  Alternatively, defendant Thomas L. Brown's "Motion for a Reduction or Modification of Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(2); and Amendment 821" (doc. no. 66) is **DENIED**.

IT IS SO ORDERED this 9th day of October, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0024p013 REV_.docx

---

[3] The court adopts its previous factual findings (at sentencing) with respect to defendant's history and characteristics.  The court finds no need to repeat those findings here.